UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BHAKTAVATSALA R. APURI, *M.D.*, | ) |
| | ) |
| Plaintiff, | ) Cause No. 1:16-cv-00363-TLS-SLC |
| | ) |
| v. | ) |
| | ) |
| PARKVIEW HEALTH SYSTEMS | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the parties' Motion for Entry of Agreed HIPAA Qualified Protective Order, filed on September 14, 2018 (DE 79), seeking the entry of a proposed stipulated protective order (DE 79-1). Because the proposed order is inadequate, the parties' motion will be DENIED.

Federal Rule of Civil Procedure Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (DE 79-1 ¶¶ 4, 11), it requires a higher level of scrutiny.

broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate as "Confidential information" any material that "in good faith [] a party reasonable considers to be confidential and desires not to be made public, including each patient's name, address, relatives' names and addresses, patient identification number, [] and social security number." (DE 79-1 ¶ 1). However, defining the term "confidential information" by using the general term of "confidential," is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

Moreover, the parties define "confidential information" as "including" but not being limited to the categories set out in the proposed order. In light of this language, the Court is not satisfied that the parties know what information constitutes "confidential information." *See Cincinnati Ins. Co.*, 178 F.3d at 946; *Filter Specialists, Inc.*, 2008 WL 4367594, at *2. The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Next, the proposed order enables a party to designate any material as "confidential information" if a party "in good faith . . . reasonably considers" it to be confidential. (DE 79-1 ¶

1). However, the terms "in good faith" and "reasonably considers" are "fudge" phrases that contribute to the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Finally, as stated above, the proposed order allows documents that contain "confidential information" to be filed entirely under seal (DE 79-1 at ¶¶ 4, 11), rather than solely protecting the information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

In sum, it is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 946. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Therefore, for the foregoing reasons, the Court DENIES the parties' Motion for Entry of Agreed HIPAA Qualified Protective Order. (DE 79). The parties may submit a revised stipulated protective order consistent with the requirements of Rule 26(c) and Seventh Circuit

case law.

SO ORDERED.

Entered this 26th day of September 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge